PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN B. DYE, | ) | |
| | ) | CASE NO. 1:13CV1223 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* Plaintiff Kevin B. Dye, currently an inmate at the United States Penitentiary in Atwater, California, filed the above-captioned "Petition for Declaratory Judgment" (ECF No. 1) against the United States of America. The Petition consists essentially of 13 questions posed by Mr. Dye, which he calls "federal criminal and civil combined civil constitutional questions and jurisdictional issues." ECF No. 1 at PageID #: 2. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb.1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

(1:13CV1223)

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

The Petition (ECF No. 1) does not, even liberally construed, set forth an intelligible claim for relief under the above standard. *Thompson v. City of Memphis*, 491 F. App'x 616, 620-21 (6th Cir. 2012). Moreover, to the extent Mr. Dye seeks to challenge his convictions and resulting incarceration, he must file a post-judgment motion in his criminal case or seek relief via habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

2

(1:13CV1223)

      The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Kevin B. Dye, 32704-160, USP Atwater, U.S. Penitentiary, P.O. Box 019001, Atwater, CA 95301.

      IT IS SO ORDERED.

| | |
|---|---|
| January 31, 2014 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |